Commonwealth, Appellant, *v.* Eller.

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen B. Harris,* Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*Paul Laskow,* Assistant Public Defender, for appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974:

On August 27, 1973, a criminal complaint was filed against defendant-appellee. He was arrested and arraigned on September 22, 1973. October 17, 1973, had been set for hearing, but defendant did not appear and was declared a fugitive. On July 23, 1973, the Grand Jury returned an indictment of "theft" against defendant,[1] who was re-arrested and arraigned on May 3, 1974. At this arraignment, defendant's counsel moved to dismiss the indictment on grounds of violation of Pennsylvania Rule of Criminal Procedure 1100(a)(1) which provides that "[t]rial in a court case . . . shall commence no later than two hundred seventy (270)

---

[1] "Crimes Code," Act of 1972, December 6, P. L. 1482, No. 334, §1 *et seq.,* 18 Pa.C.S. §3901 *et seq.*

days from the date on which the complaint is filed."[2] Violation was alleged because trial was set for May 28, 1974. Trial court granted the application to dismiss at trial on the latter date.

For purposes of this appeal, the Commonwealth urges upon us that the trial court erred in the computation of time for the running of the 270 day period, and that said error was grounded upon a misinterpretation of the effect of the Commonwealth's denial of one of defendant's statements in his Application to Dismiss the Indictment. The crucial dates for computation of the "270 days" are August 27, 1973, for its commencement, and May 28, 1974, the date of trial. This period is four (4) days in excess of two hundred seventy (270) days. The Commonwealth contends that the appellee was unavailable from July 23, 1973, to May 3, 1974, so that this period of time must be excluded from the running of the 270 day period.[3] Section (d)(1) of Rule 1100 specifically so provides.[4] If the time during which the appellee was not available is excluded from the computation, the 270 day period had not expired.

The Commonwealth impliedly admitted that the appellee had not caused more than 30 days delay. Paragraph 6 of appellee's pre-trial application to dismiss reads: "6. There has been no delay or continuance in

___

[2] Adopted June 8, 1973, to be applied prospectively as indicated in the Rule.

[3] The record shows that on March 12, 1974 a bench warrant was issued for the apprehension of the appellee.

[4] "Rule 1100. Prompt Trial.

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded; . . ."

excess of 30 days attributable to the defendant or his attorney."

The Commonwealth's answer was: "6. No answer is required as same states a conclusion of law."

The Pennsylvania Rules of Criminal Procedure make certain provisions with respect to answers to pre-trial applications. Pa. R. Crim. P. 308(a) provides: "(a) Answers may be filed not later than seven days after service of the pretrial application, except for good cause shown. *Failure to answer shall be deemed an admission of the well pleaded facts averred in the application.*" (Emphasis supplied.) Appellee has pleaded well the fact that no delay or continuance in excess of 30 days is attributable to the appellee. The Commonwealth has mistakenly pleaded that this fact is a conclusion of law and requires no answer. Such an answer is insufficient and admits this fact. However, the rule [1100(d)] provides that all delay attributable to a defendant because of his unavailability is excluded from the 270 day period[5] not just that in excess of 30 days as pleaded by appellee. Where the defendant brings about a continuance then only the delay in excess of thirty days is excluded.[6] The Commonwealth has not admitted that no delay at all was attributable to the appellee because of his unavailability but only none in excess of 30 days.

Rule 1100(f)[7] further provides as follows: "(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with

---

[5] Pa. R. Crim. P. 1100(d)(1).

[6] Pa. R. Crim. P. 1100(d)(2).

[7] Pa. R. Crim. P. 1100(5).

prejudice and discharge the defendant." The attorney for the Commonwealth having been heard and it appearing that a period of time not in excess of 30 days should have been excluded from the computation of the 270 day period the latest time for commencement of trial would have been June 24, 1974. The indictment should not have been dismissed for failure to afford the appellee a prompt trial.

Order granting dismissal of indictment is reversed; the indictment is reinstated, and the case is remanded for trial within ninety (90) days.