Commonwealth *v.* Shelton, Appellant.

Argued September 11, 1975. Before WATKINS, P.J.,

Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*Alan J. Davis*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*James Garrett*, Assistant District Attorney, with him *Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

Opinion by Price, J., March 29, 1976:

This is an appeal[1] from an order of the Court of Common Pleas of Philadelphia County denying the appellant's petition to dismiss the charges against him for violation of his right to a speedy trial under Rule 1100(a)(1) of the Pennsylvania Rules of Criminal Procedure.[2] For the reasons stated herein, we reverse the order below and discharge the appellant.

---

1. This interlocutory appeal was certified by the lower court in accordance with the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, Art. V, §501 (17 P.S. §211.501), and pursuant to our discretionary power we will consider this appeal on the merits.

2. Pa.R.Crim.P. 1100(a)(1) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974, shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

On December 20, 1973, the June, 1972 Special Investigating Grand Jury of Philadelphia County issued a Presentment recommending that the appellant be prosecuted for alleged extortion, larceny, bribery, perjury, and other related offenses. Pursuant to this recommendation, a regular Grand Jury returned indictments against the appellant on January 3, 1974.[3] Thereafter, several pre-trial conferences were held in which the appellant sought to obtain, and the Commonwealth agreed to furnish, various items of discovery. Upon application by the Commonwealth, Judge BLAKE of the court below entered a formal order requiring the Commonwealth to provide the appellant with the requested discovery items. On or about April 17, 1974, however, Judge BLAKE became aware of a possible conflict between his discovery order and a previous order entered by Judge TAKIFF, impounding "[A]ll documents of the Investigating Grand Jury of the June Term, 1972, including transcripts of testimony and books and records of every description..." Judge BLAKE therefore entered a second order, granting the appellant substantially the same discovery as had the previous order, but requiring the appellant to make application to Judge TAKIFF for clarification or modification of his

---

3. In accordance with the normal procedures pertaining to such cases, the appellant was indicted absent an arrest or entry of a complaint. Because the prosecution did not begin with a complaint, as prescribed in the text of Rule 1100, the Commonwealth suggests that the criminal proceedings commenced against the appellant on the date of the Presentment by the Special Investigating Grand Jury, rather than on the date of the Indictments by the regular Grand Jury. This question was recently resolved by this court in *Commonwealth v. Silver*, 238 Pa. Superior Ct. 221, 357 A.2d 612 (1976). In the instant case, however, an exact determination of the operative date is unnecessary because the 270 day period had expired whether measured from the date of the Presentment, the date of the Indictments, or any time therein.

order of impoundment. After a hearing and a submission of briefs, Judge TAKIFF filed an opinion on July 3, 1974, in which he allowed the appellant access to only a portion of the requested discovery items.

On July 31, 1974, the appellant filed various other pre-trial motions in the lower court, and a pre-trial conference was scheduled on August 13, 1974. At that conference, the court below requested that the Commonwealth file an answer to the appellant's pre-trial motions. On September 20, 1974, the Commonwealth entered its answer, and a hearing was held on October 9, 1974, to dispose of the pre-trial motions. At this hearing, the appellant made an oral application to dismiss the charges for violation of Rule 1100;[4] the appellant entered a written application to dismiss the charges on October 21, 1974. At the time the petition to dismiss was filed, 305 days had elapsed since the date of the Presentment and 291 days from the date of the Indictments.[5] Nevertheless, the case had never been listed for trial. On November 14, 1974, the Commonwealth filed an answer to the appellant's petition which included a request that the lower court extend the time for trial. On December 3, 1974, the lower court denied the appellant's application to dismiss, concluding that:

> "[T]he period of delay from April 15, 1974, to July 3, 1974, and resulting from the fact that there were outstanding conflicting orders by Judges of this Court thereby preventing the case from coming to trial despite due diligence by the Commonwealth, should be and are [sic] excluded from the computa-

---

4. Pa.R.Crim.P. 1100(f) provides in pertinent part: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

5. Time calculations are computed in compliance with 1 Pa. C.S. §1908, which prescribes the exclusion of the first day, and inclusion of the last day, of the applicable period.

tion of the 270 day period. Thus when Judge Blake cautioned the Commonwealth about the '270 day rule' at the pre-trial hearing on June 19, 1974, he was referring to that time period as extended by the period of time as set forth above.[6]

"Accordingly, Defendant's petition for dismissal under Rule 1100 is denied. The new expiration date under Rule 1100 is December 16, 1974."

Prior to our inquiry into the merits of the appellant's allegations of error, we must note that although the lower court denied the motion to dismiss on the basis that the appellant's trial was delayed due to "outstanding conflicting orders by Judges of this Court ...," the Commonwealth does not here defend the lower court's order on this ground. Curiously, the Commonwealth argues that the pre-trial delay in this case was caused by the defense, rather than by the judiciary. Upon review of the record, we find that the appellant, in his application to dismiss the charges, pleaded that he was not chargeable with any delay. The Commonwealth admitted this fact in its answer and is therefore precluded from claiming on this appeal that the appellant caused the delay. See, Commonwealth v. Eller, 232 Pa. Superior Ct. 99, 332 A.2d 507 (1974). We do, however, feel constrained to comment upon the Commonwealth's contention that the appellant, by seeking pre-trial discovery, should be held responsible for the delay in this case. We believe that the effectiveness of Rule 1100 would be seriously hampered, if not destroyed, if we were to charge the accused with the time consumed in the determination of regular pre-trial motions.[7]

---

6. At this hearing, Judge BLAKE cautioned the District Attorney that "[w]e do have a 270 Day Rule and what these outstanding motions are doing to that trial time, etc.... For the Record... I'll fix a pretrial conference... on the 12th day of August. If that runs afoul of the 270 Day Rule or anything like that, then it is up to the District Attorney to come back and make application."

7. See, Commonwealth v. Klimek, 416 Pa. 434, 206 A.2d 381

The appellant contends that the lower court erred by (1) excluding a delay occasioned by the judiciary from the computation of the prescribed 270 day period, and (2) granting the Commonwealth's application for an extention of time under Section (c) of Rule 1100.[8] We agree with the appellant's contentions.

Recently, in *Commonwealth v. Silver*, 238 Pa. Superior Ct. 221, 357 A.2d 612 (1976), we encountered a situation greatly similar to the case at bar. In *Silver*, the defendant's trial was delayed while the lower court attempted to secure the services of an out of county judge. The lower court, however, allowed the defendant's petition and the Commonwealth appealed, contending that Rule 1100 is designed to avoid Commonwealth delay, does not address itself to the role of the courts in this regard, and is therefore inapplicable to those cases where the delay is solely attributable to the judiciary. We affirmed the lower court order, holding, *inter alia*, that the 270 day period had expired. Furthermore, we declared that the "Commonwealth ... misconstrues the nature and purpose of the right to a speedy trial," *Id.* at 230, 357 A.2d at 616, and noted that " 'it is unimportant whether delay is occasioned by the prosecutor's office or by the court; so long as the delay ... is not occasioned by

---

(1965), in which the Pennsylvania Supreme Court ruled that a defendant's motion for an order severing the trial of jointly indicted defendants could not be considered the same as a request for a continuance in applying the "180 day" rule, Act of June 28, 1957, P.L. 428, §1 (19 P.S. §881), and that any delay in the consideration of such a motion is to be charged against the prosecution.

8. Pa.R.Crim.P. 1100(c) provides in pertinent part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial... . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

the defendant...' " *Id.* at 231, 357 A.2d at 617, *quoting Commonwealth v. Wilson*, 231 Pa. Superior Ct. 451, 454, 331 A.2d 792, 794 (1974). Implicit in our holding in *Silver* is the proposition that a period of judicial delay is not properly excluded from the period for commencement of trial under Rule 1100. We therefore hold in this case that the lower court erred by tolling the prescribed time period during a delay occasioned by the court.

Rule 1100(c) permits the attorney for the Commonwealth to apply to the court for an order extending the time for commencement of trial. This Section, however, mandates that this application be made *prior* to the expiration of the period for commencement of trial. In this case, the Commonwealth, alleging that the delay in bringing the appellant to trial was occasioned by the court, sought an extension of time under Section (c) in its answer to the appellant's petition to dismiss. By this time, however, the prescribed 270 day period for the commencement of trial had already expired. *See, Commonwealth v. Silver, supra.* The Commonwealth may not seek an extension of time under Section (c) once the time limit set forth in the rule has expired.[9] *Commonwealth v. O'Shea*, 465 Pa.    , A.2d (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). We therefore hold that the lower court erred by granting the Commonwealth's application for an extension of time under Rule 1100(c).

Upon violation of his right to a speedy trial, an individual is entitled to have the charges against him dismissed with prejudice under Rule 1100(f).[10] Without

---

9. However, when the motion to dismiss is being reviewed by the lower court, the Commonwealth may introduce evidence to show that certain periods of time should be excluded from the computation under Rule 1100(d), pertaining to delay caused by the defendant.

10. Pa.R.Crim.P. 1100(f) provides in pertinent part: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this

question, the dismissal of an indictment for the denial of a speedy trial is a "severe...remedy." *Barker v. Wingo*, 407 U.S. 514, 522 (1972). Indeed, in practice, "it means that a defendant who may be guilty of a serious crime will go free, without having been tried." *Id.* at 522. While recognizing the fundamental right of an individual to a speedy trial, we do not wish to grant an accused immunization from prosecution merely because of *preventable* legal error. Society has an interest in bringing an accused to trial. Therefore, although the merits of the instant case have already been decided, we wish to clarify further our position concerning Rule 1100.

We readily envision the situation where the Commonwealth timely files an application for an extension of time pursuant to Rule 1100(c), claiming that it has exercised due diligence, yet trial cannot be commenced within the prescribed period because of some difficulty attributable to the court. For example, this might occur if the court is not able to commence trial within the prescribed time because of an overcrowded court docket. Upon consideration of the policies to be served by Rule 1100, we hold that Rule 1100 not only precludes the *exclusion* of periods of judicial delay from the prescribed time period, but also precludes an *extension* of the prescribed time period predicated upon judicial delay.

The right to a speedy trial is one of our "most basic rights," *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967), and is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. In *Barker v. Wingo, supra,* the United States Supreme Court enunciated four factors to be balanced in determining whether a particular defendant's right to a speedy trial had been denied. These four factors were the length of the delay, the reason for the delay, the

Rule has been violated.... Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

defendant's assertion of his right, and the prejudice to the defendant. The Court, however, was careful to declare that "[n]othing we have said should be interpreted as disapproving a presumptive rule adopted by a court in the exercise of its supervisory powers which establishes a fixed time period within which cases must normally be brought." *Id.* at 530, n. 29.

Shortly thereafter, the Pennsylvania Supreme Court noted that the *Barker* balancing approach had achieved "[l]ittle success in eliminating criminal backlogs in populous counties where delays and the evils they create are most severe." *Commonwealth v. Hamilton,* 449 Pa. 297, 306, 297 A.2d 127, 131-32 (1972). Specifically citing "the Philadelphia system" as "most illustrative of the need for new methods to encourage the speedy disposition of the cases in our criminal courts...," *Commonwealth v. Hamilton, supra* at 306, 297 A.2d at 132, the court rejected the *Barker* standard as inadequate, declaring that "[i]n order to more effectively protect the right of criminal defendants to a speedy trial and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania we deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial, in the future, in this Commonwealth." *Id.* at 308-09, 297 A.2d at 133. The court, in *Hamilton,* further explained that "[t]he theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and it avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis." *Id.* at 308, 297 A.2d at 132-33. More importantly, the court carefully stated its belief "[t]hat a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars." *Id.* at 308, 297 A.2d at 133. Consequently, that court promulgated Rule 1100 which sets "a time limit in which cases could be brought to trial, the violation of which would result in an immediate

dismissal if the delay were not caused by the defendant himself." *Commonwealth v. Pearson,* 230 Pa. Superior Ct. 304, 307, 327 A.2d 167, 168 (1974). Clearly, if pre-trial periods of judicial delay were allowed to justify an extension of the prescribed time period, then Rule 1100 would provide little stimulus to "[t]hose entrusted with the responsibility of managing court calendars," thereby frustrating one of its stated purposes, that is, the elimination of the backlog in criminal cases in the courts of Pennsylvania.

Charging the prosecution, and not the defense, with a period of delay occasioned by the court is not an intention which commenced with the promulgation of Rule 1100. Indeed, even under the balancing test, responsibility for judicial delay rested with the prosecution. As the United States Supreme Court, in *Barker v. Wingo, supra,* declared: "A more neutral reason such as...overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government..." *Id.* at 531. *Accord, Strunk v. United States,* 412 U.S. 434 (1973). This statement reaffirmed what the Court held earlier in *Dickey v. Florida,* 398 U.S. 30, 37-38 (1970):

> "Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial." (Footnote omitted.)

Analogously, in Pennsylvania, it has been held specifically that under the Interstate Agreement on Detainers, Act of September 8, 1959, P.L. 829, No. 324, §1 (19 P.S. §1431),[11] delay attributable solely to the

---

11. 19 P.S. §1431, Article III(a) provides in pertinent part: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment,... on the basis of which a

judiciary must be included in the time in which the Commonwealth must bring a prosecution. *Commonwealth v. Wilson*, 231 Pa. Superior Ct. 451, 331 A.2d 792 (1974); *see, Commonwealth v. Silver, supra*. More pertinently, in *Commonwealth v. Williams*, 457 Pa. 502, 327 A.2d 15 (1974), the defendant claimed that his right to a speedy trial had been violated by a three and one-half year delay between arrest and trial. The evidence revealed that the delay was caused in part by conflicts in the defendant's court appointed attorneys' schedules. Although the Pennsylvania Supreme Court examined the defendant's claim under the *Barker* balancing test,[12] the court made the following reference to Rule 1100 and its purpose:

> "Although the record substantiates the allegation that the delay was precipitated by appellant's attorneys' scheduling problems, this does not end the inquiry...(citation omitted). The court not only has a duty to appoint counsel but also the responsibility to exercise its inherent power to control the trial calendar. See Pa.R.Crim.P. 1100." *Id.* at 508-09, 327 A.2d at 18.

Clearly, this reference to Rule 1100 can only mean that the Pennsylvania Supreme Court intended that the Rule be used to enforce the *court's* "responsibility to exercise its inherent power to control the trial calendar."

---

detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment,...: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

12. Prosecution was initiated prior to the effective date of Rule 1100.

Furthermore, one of the major purposes of the requirement of a speedy trial is to guard against inordinate delay between public charge and trial, which, apart from a possible prejudice to a defense on the merits, may "[s]eriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion*, 404 U.S. 307, 320 (1971). "None of these consequences is lessened by the fact that the delay is occasioned by the courts rather than the prosecutor." *Commonwealth v. Silver, supra* at 231, 357 A.2d at 617.

Section (c) of Rule 1100 literally provides that the "Commonwealth," upon a showing of due diligence, may be granted an extension of time if the trial cannot be commenced within the prescribed time period. Our review of the principles to be served by Rule 1100 compels us to hold that this Section of the Rule may not be read to permit an application for an extension of the prescribed period merely because the delay was attributable to the judiciary and not the prosecution. If we were to hold otherwise, we would effectuate a prosecutorial isolation of Section (c) from the remaining provisions of the Rule, thereby distorting, if not destroying, the overall import of Rule 1100.

For example, Sections (a)(1) and (a)(2) most clearly exemplify the intent of the Pennsylvania Supreme Court to decrease the backlog of criminal cases in the courts of Pennsylvania by focusing the mandates of Rule 1100 upon the judiciary as well as the prosecution. *See, Commonwealth v. Hamilton, supra.* Section (a)(1) prescribes a 270 day period in which to commence trial if a written complaint is filed between June 30, 1973 and July 1, 1974. Section (a)(2), however, reduces that period to 180 days if the written complaint is filed after June 30, 1974. By initially allowing the courts 270 days in

which to bring an accused to trial, the court sympathetically recognized the heavy demands which Rule 1100 was making on the courts of this Commonwealth. The Comment to Rule 1100 clarifies the position of our supreme court:

"[A]lthough the ultimate goal is to require all cases to be tried within 180 days from the filing of a complaint, it is recognized that such a goal cannot be achieved immediately in all counties. The backlog of cases in some urban counties and the present lack of sufficient court terms in some less populous judicial districts would prevent the immediate achievement of the goal. Therefore, for cases initiated within the first year, the goal of prompt trial is set at 270 days; thereafter, all counties will be expected to comply with the 180-day limit."

We therefore refuse to limit so narrowly the interpretation of Section (c) so as to relieve the prosecution from the responsibility of a judicially caused delay in bringing an accused to trial. Rule 1100 was not intended to, and does not, distinguish in its application between the prosecution, the court, and the court administrator. Furthermore, we must note that Section (c) provides that an application for an extension of time be filed prior to the expiration of the time for commencement of trial. Thus, the Rule provides a mechanism whereby the court's attention will be called to any administrative inadvertence in failing to effect a timely progression of the case.

We therefore reverse the order of the lower court and discharge the appellant.

Concurring and Dissenting Opinion by Van der Voort, J.:

I concur in that part of the Opinion which dismisses the charges and discharges the appellant because he was not brought to trial within the 270 day period required under Pa.R.Crim.P. 1100(a)(1). I respectfully dissent,

however, to that part of the Opinion which I believe to be dictum and which holds that under no circumstances may delay caused by the court in bringing a case to trial be grounds for extending the commencement of trial.

Pa.R.Crim.P. Rule 1100 treating of prompt trial seems to me to clearly and expressly provide in subparagraph (c) that upon timely application by the attorney for the Commonwealth the time for commencement of trial may be extended for any good sound reason "if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Regardless of the great desirability of speedy trial there are going to be many instances throughout the Commonwealth when the court through no fault of either the defendant, the Commonwealth or its own, is unable to provide a trial within the time specified by Rule 1100 and in such instances it will be vitally important to the citizens of the Commonwealth that the time for the commencement of trial of some cases be extended. Rule 1100(c) makes provision for relief from the rigidity of the Rule and should be enforced as it is written.

WATKINS, P.J., and JACOBS, J., join in this concurring and dissenting opinion.