## Commonwealth v. Creciun

*Eric J. Cox, Assistant District Attorney,* for Commonwealth.
*Edwin P. Smith,* for defendant.

LOWE, *P.J.*, January 27, 1977 — This prosecution raises a difficult question of interpretation concerning Pennsylvania Rule of Criminal Procedure 1100.[1]

The complaint was filed against defendant on March 30, 1976. Informations charging conspiracy, attempt, and various theft offenses were filed by the District Attorney in May, 1976.

On August 4, 1976, defendant filed an application for pre-trial relief. In the application, defendant sought a bill of particulars, requested suppression of certain evidence (tools), and alleged three separate grounds of relief.[2] Later the same month, defendant filed an application for pre-trial discovery. In that application, the results of polygraph and fingerprint tests were requested. The

---

1. Amended and effective December 9, 1974.

2. Defendant alleged that his arrest was without probable cause; that he was subjected to an illegal identification; and that the decision of the district justice at the preliminary hearing was not publicly announced.

application for pre-trial discovery was denied on August 30, 1976, as untimely filed. This left unresolved the application for pre-trial relief which, as is customary in this county, had been reserved to the time of trial. Trial was scheduled September 7, 1976.

The parties convened before the Honorable William W. Vogel, on September 7, 1976. Early in the hearing, the Commonwealth evinced an intention to introduce at trial the results of the polygraph test to which defendant had submitted. To justify the offer, the Commonwealth produced a declaration signed by defendant under date of July 6, 1976. By the terms of the declaration, executed pursuant to a plea bargain, defendant agreed to the introduction of the test results in the event the plea bargain was not consummated. The hearing judge was undecided as to the validity of the document. Accordingly, Judge Vogel continued the application, took the matter under advisement, and requested counsel to file briefs.[3] At the conclusion of the hearing, defendant signed a standard form application for trial postponement.[4] The document recites a specific date certain, October 5, 1976, for the resumption of proceedings. The transcript amply demonstrates the knowledgeability of all parties and their awareness of the mandate of Rule 1100.

"THE COURT: Mr. Swan, there is the question of the 180 days, but I don't know when the complaint was filed.

---

3. The request for a bill of particulars, the allegations of illegal arrest and identification, and the question of public announcement of the issuing authority's decision were all resolved against the defendant.

4. Reproduced post as Appendix II. [Omitted—Ed.]

"MR. SWAN: March 30th. The 180th day is the 26th of September, Your Honor.

"THE COURT: This matter will be continued conditionally eight days, until October 5th.

"MR. SMITH: I just want to make sure we explain to Mr. Creciun on the record what that means.

"THE COURT: All right, we will put on the record that this means it may be scheduled for trial until October 5th or maybe even a week or so after that if there is a problem on the listing. I trust it will go to trial on October 5th. It is impossible to determine, from the Commonwealth's point of view, the exact day it will be tried. But that is when it is scheduled.

"Do you understand that, if it comes up in a week or so, you are waiving that right to be tried before September 26th.

"Do you want to sign this waiver and we will reschedule it for October 5th, Mr. Smith, to protect the Commonwealth.

"MR. SMITH: Yes, your Honor."

The continued hearing was convened as scheduled on October 5, 1976. Judge Vogel denied the application, but granted defendant the opportunity to take an independent polygraph examination.[5] At the conclusion of the hearing, an application for trial continuance[6] was drawn and executed. October 25, 1976, is the date certain specified on the application.

The suppression hearing was again resumed as scheduled on October 25, 1976. Having given the matter further consideration, Judge Vogel re-

5. The original polygraph test was administered by county detectives.

6. Reproduced post as Appendix II. [Omitted—Ed.]

versed his ruling of October 5, 1976, thereby granting the application and suppressing the results of the original polygraph test. The Commonwealth was granted leave to take an interlocutory appeal; however, this option has not been exercised. No petition to extend the time of trial was filed on October 25, 1976, or at any time thereafter.

On November 16, 1976, defendant filed a petition for discharge pursuant to Rule 1100(f). On that date, a period of 184 countable days had elapsed since the filing of the complaint.[7] Argument concerning the petition was heard before the undersigned on December 22, 1976, and the petition was granted the next day. The Commonwealth perfected an appeal from that order on January 12, 1977.

The fundamental issue in this case is whether Rule 1100 entitles a criminal defendant to a speedy trial or a speedy suppression hearing. The divergent contentions of the parties were manifest as early as the September 7, 1976, hearing.

"THE COURT: I will hear the motion to suppress. Is it scheduled for trial now?

"MR. SWAN [Assistant Distict Attorney]: This is trial, your Honor.

"MR. SMITH [Defense Counsel]: These are motions to suppress.

THE COURT: Yes.

The Commonwealth vigorously insists that

---

7. "Time computations are made in compliance with the Act of November 25, 1970, P.L. 707, No. 230, 1 C.P.S.A. 1908 which compels exclusion of the first day and inclusion of the last day." Commonwealth v. O'Shea, 465 Pa. 491, 350 A.2d 872, 873, n. 4 (1976). In his Petition to Discharge, defendant concedes the delay between September 8, 1976, and October 24, 1976, is excludable by virtue of the two approved continuances.

"trial" has commenced under Rule 1100 when the court begins to hear argument on a pre-trial motion or application reserved for time of trial, and that its obligation under Rule 1100 is satisfied at that time.

The language of the rule is unfortunate and ambiguous: "For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial."[8] This language neither proves nor disproves the Commonwealth's theory. Lamentably, the authors of the rule did not delineate that moment when a case has been "called to trial." The draftsmen could have adopted accepted double jeopardy principles.[9] This was not done. Presumptively, some different benchmark must be contemplated in the phrase "calls the case to trial." Clearly, "[i]t is not intended that preliminary calendar calls should constitute commencement of a trial."[10]

The Commonwealth justifiably relies upon a portion of the official comment appended to Rule 1100. "A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial." (Emphasis supplied.)

The unqualified language of the comment certainly appears to support the interpretation ad-

---

8. Rule 1100(b)

9. See, e.g., Commonwealth v. Culpepper, 221 Pa. Superior Ct. 472, 293 A.2d 122 (1972).

10. Comment, Pennsylvania Rule of Criminal Procedure 1100.

vanced by the Commonwealth, but two recent appellate court decisions mandate a contrary result.

In Commonwealth v. Millhouse, 239 Pa. Superior Ct. 445, 362 A.2d 398 (1976), two different trial court judges unwittingly entered conflicting orders regarding defendant's motion for pretrial discovery. There had been several "conferences" held relative to the motion. A delay of 79 days was directly attributable to proceedings upon the discovery motion. The Superior Court held that time consumed in the filing, hearing, and consideration of pre-trial motions may not be charged against defendant under Rule 1100.

"The Commonwealth contends, however, that the contested seventy-nine day period should be charged against the appellant 'because delay was caused by the [appellant's] request for discovery involving conflicting court orders . . .' There are two pitfalls in the Commonwealth's reasoning: (1) *Rule 1100 does not exempt pretrial motions* (other than a motion for a continuance) *from the relevant time period. Thus, a request for discovery does not toll the allotted time period under the rule;* (2) the appellant's co-defendants made a reasonable request for discovery. The resulting confusion was brought about by the court. The rule does not charge a defendant with the obligation to advance his own trial date. Cf. Pennsylvania's former 'two-term' rule, Act of March 31, 1860, P.L. 427, §54; December 1, 1959, P.L. 1671, §1; 19 P.S. §781. The rule, however, does provide that in such instances, the Commonwealth must make a timely application for an extension of time to prevent dismissal of the Commonwealth's case. The instant case is controlled by the Supreme Court's holding in Commonwealth v. Woods, 461 Pa. 255,

257-258, 336 A.2d 273, 274 (1975): 'It is apparent that . . . the Commonwealth's petition for an extension of time . . . was [not] within the time limits prescribed by Rule 1100. In our view, this is dispositive. The time limits set forth in the rule are definite; there is no provision for the granting of any extension applications nunc pro tunc.' See also, Commonwealth v. Cutillo, 235 Pa. Superior Ct. 131, 339 A.2d 123 (1975)." Commonwealth v. Millhouse, supra, 239 Pa. Superior Ct. at 451,-2, 362 A.2d at 401. (Emphasis supplied.)

The reasoning in Millhouse was emphatically repeated and enlarged upon in Commonwealth v. Shelton, 239 Pa. Superior Ct. 195, 361 A.2d 873 (1976), aff 'd 469 Pa. 8, 364 A.2d 694 (1976). "We do, however, feel constrained to comment upon the Commonwealth's contention that the appellant, by seeking pre-trial discovery, should be held responsible for the delay in this case. *We believe that the effectiveness of Rule 1100 would be seriously hampered, if not destroyed, if we were to charge the accused with the time consumed in the determination of regular pre-trial motions.*"

"7. See Commonwealth v. Klimek, 416 Pa. 434, 206 A.2d 381 (1965), in which the Pennsylvania Supreme Court ruled that a defendant's motion for an order severing the trial of jointly indicted defendants could not be considered the same as a request for a continuance in applying the '180 day' rule, Act of June 28, 1957, P.L. 428, §1 (19 P.S. §881), and that any delay in the consideration of such a motion is to be charged against the prosecution." Commonwealth v. Shelton, 239 Pa. Superior Ct. at 200, 361 A.2d at 876. (Emphasis supplied.) *The necessary, ineluctable implication of the* Millhouse *and* Shelton *decisions is that pre-trial*

*proceedings do not constitute "trial" as that term is employed in Rule 1100.*

The case at bar cannot be significantly distinguished from Millhouse and Shelton. There is no relevant difference between the discovery motions in those prosecutions and the pre-trial application in this. If the hearings in this case are equated with trial, the effect is to charge defendant Creciun with delay related to a pre-trial motion or application in contravention of Millhouse and Shelton.

It is true that the pre-trial motion in Millhouse was not reserved for the time of trial; the application in this case was so reserved. Consequently, the pre-trial proceeding here began on the day scheduled for trial by the District Attorney. This distinction without difference furnishes no rational basis for a different result. The fundamental right to a speedy trial under Rule 1100 cannot be made to depend on the largely arbitrary decision of the court administrator or "signing judge" to defer the motion until trial. In many cases, the sole purpose of such scheduling is judicial and administrative convenience.

The interpretation proposed by the Commonwealth would nefariously subvert Rule 1100 and eviscerate its purpose. This court is unaware of any statute, Rule of Criminal Procedure, or judicial decision which requires the Commonwealth to present its case in chief immediately upon conclusion of a suppression hearing. The terms of Rule 1100, which deal only with commencement of trial, impose no such obligation. Thus, the Commonwealth would be free to discontinue or delay a prosecution indefinitely, provided a pre-trial hearing had begun before the 180th day. In the instant

case, the unjustified delay began October 25, 1976, the date on which the Commonwealth was given leave to appeal the suppression ruling. At that point, the District Attorney labored under no burden to appeal the ruling, or to continue the "trial," except the speedy trial obligation imposed by the Constitution.[11] No appeal was taken, nor was the trial continued. Rather, defendant was subjected to the same sort of delay Rule 1100 was designed to prevent.

In the opinion of the court, the controversy at bar was not contemplated by the draftsmen of Rule 1100. The definition of commencement of trial contained in the comment is intelligible only when the trial (interpreted as including a pre-trial hearing) is one continuous process. Where, as here, the pre-trial proceeding and the case in chief are discontinuous, adherence to the comment subverts the rule.

The Commonwealth never commenced trial as that term is defined above. Because the delay cannot be attributed to the defendant,[12] it must be justified by a timely petition for extension. The Commonwealth is obliged to file such a petition when an appeal from a suppression ruling is contemplated: Commonwealth v. O'Shea, 465 Pa. 491, 350 A.2d 872 (1976).

To avoid the consequences of its dereliction, the Commonwealth asserts a second, alternative ground for relief. Assuming that trial was not commenced in time, defendant is alleged to have "fully and properly waived his Rule 1100 rights."

---

11. Barker v. Wingo, 407 U.S. 514 (1972); Klopfer v. North Carolina, 386 U.S. 213 (1967).

12. Rule 1100(d).

The Commonwealth maintains that either the application for trial postponement or the application for trial continuance, or both taken together, constitute a complete waiver. The irreparable defect in the argument is that both applications indicate a "date certain." Judge Vogel was unquestionably correct in specifying a date certain.[13] Both dates were made known to defendant on the record before he signed the continuance applications. The boiler plate verbiage printed on the standard continuance forms, signed in haste at the end of a hearing, cannot override the dates subscribed on those same forms. Where a certain date is specified, a waiver of Rule 1100 rights can only extend to that date. Firm support for this view is furnished by Commonwealth v. Coleman, 241 Pa. Superior Ct. 450, 361 A.2d 870 (1976). There, it was held by necessary implication that an indefinite continuance, freely acquiesced in by defendant, did not constitute a complete waiver of rights under Rule 1100; the Commonwealth was still bound to exercise "due diligence" under pain of dismissal.

---

13. The Rule 1100 problem created in the instant case could also have been avoided by the expedient of granting a continuance for a specified period of time. If a continuance is granted for an indefinite period, as in the instant case, it is impossible to tell whether it is for thirty days or for more than thirty days. The court's failure to specify a date certain, however, cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than 30 days. The additional delay of 55 days resulted from the scheduling procedure employed by the court administrator.

Furthermore, specific continuances would facilitate determination of possible Rule 1100 violations, and would operate as an additional stimulus to the court administrator to schedule trials within the period mandated by the rule. Mat-

The District Attorney relies on Commonwealth v. Myrick, 468 Pa. 155, 360 A.2d 598 (1976), and a superficial reading of the case does support its position. In Myrick, defendant executed a formal agreement to extend the time for trial, but later attacked the waiver on appeal. Although the Supreme Court found the waiver valid, the Commonwealth's reliance on the decision is misplaced. The critical distinguishing fact is that in Myrick, the *defendant was tried before the date certain indicated by the waiver agreement.* [14] The issue in Myrick was whether a court can ever acccept a waiver of Rule 1100 rights without a finding that the Commonwealth has exercised due diligence.

The case at bar represents the obverse of Commonwealth v. Hickson, 235 Pa. Superior Ct. 496 (1975). There, in response to a judicial inquiry as to an appropriate trial date, defense counsel stated: "Any day is fine with me, Your Honor." The Superior Court held that defendant had thereby waived his right to be tried before the date chosen by the trial judge. Here, defendant Creciun agreed to a continuance only to a date certain. The Com-

---

ters could be greatly simplified if defense counsel would request and trial courts would grant continuances for a definite period. *It is clear that a defendant waives Rule 1100 violation by agreeing to a trial date beyond the period.* See Commonwealth v. Hickson, 235 Pa. Superior Ct. 496, 344 A.2d 617 (1975); Commonwealth v. Coleman, 241 Pa. Superior Ct. 450, 361 A.2d 870, 873 (1976).

14. In Myrick, the last possible day for trial, pursuant to Rule 1100, was August 7, 1974. Myrick agreed to an extension of thirty days; that is, until September 6, 1974.

A careful reading of the Supreme Court's Opinion shows that Justice Roberts omitted the actual trial date. This Court is informed, after inquiry made to the Court of Common Pleas in Philadelphia, that Myrick was brought to trial on September 4, 1976.

monwealth was obligated to try him before that date or within the time after that date but before the expiration of the time period on November 12, 1976. Alternatively, the Commonwealth was required to file a timely petition to extend. Since neither course was pursued, defendant must be discharged.