Commonwealth *v.* Mayfield, Appellant.

Argued December 11, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph A. Malloy, Jr.,* with him *Perrin C. Hamilton,* and *Hamilton, Darmopray & Malloy,* for appellant.

*Jean B. Green* and *Donald J. Martin, in propriis personis,* and *Waters, Fleer, Cooper & Gallager,* submitted a brief for *amici curiae.*

*Stewart J. Greenleaf,* Assistant District Attorney, with him *Bert M. Goodman,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 29, 1976:

Appellant argues that the lower court erred by granting the Commonwealth an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[1] The Commonwealth based its petition for a time extension upon a claim that trial could not be commenced within 180 days from the date the criminal complaint was filed against the appellant, as required by Pa.R.Crim.P. 1100(a)(2),[2] because of an overcrowded court docket. The Commonwealth further contends that it exercised the requisite due diligence in bringing the appellant to trial and that the Commonwealth should not be held responsible for any period of delay occasioned solely by the judiciary. In *Commonwealth v. Shelton,* 239 Pa. Superior Ct. 195, 203, 361 A.2d 873, 877 (1976), we refuted this contention, holding,    *inter alia,* that "Rule

---

1. Pa.R.Crim.P. 1100(c) provides in pertinent part:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial ... Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

2. Pa.R.Crim.P. 1100(a)(2) provides that: "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

1100 ... precludes an *extension* of the prescribed time period predicated upon judicial delay." Therefore, because the appellant's trial did not commence within the time period prescribed by Rule 1100(a)(2), we reverse the judgment of sentence and discharge the appellant.

Also, the record shows that the judges of the court below normally grant the Commonwealth an extension of time for commencement of trial unless the accused can show some prejudice. Although the lower court granted the Commonwealth's petition in this case solely upon a belief that the Commonwealth had exercised due diligence, we feel constrained to remark that prejudice to an accused is not a factor to be considered by the court in deciding whether an extension should be permitted under Rule 1100(c). Rule 1100(c) allows the lower court to grant the Commonwealth an extension of time only upon a finding that the Commonwealth exercised due diligence in bringing the case to trial. The rule does not relax the requirement by allowing the court to extend the time if an accused would not suffer any prejudice as a result of such extension. Prejudice is simply not a factor in the application of the rule.

We reverse the judgment of sentence and discharge the appellant.

DISSENTING OPINION BY JACOBS, J.:

This appeal, taken after appellant's conviction for operating a motor vehicle while under the influence of intoxicating liquor,[1] challenges the propriety of the lower court's order granting the Commonwealth's petition to extend the time for trial past the 180-day time limit prescribed by Pa.R.Crim.P. 1100. I would hold that the court below acted within the boundaries of its discretion in making its order granting the extension and would affirm the judgment of sentence.

A written criminal complaint was filed against

---

1. Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037 (1971).

appellant on the above charge on November 29, 1974. A preliminary hearing was waived and on February 20, 1975 appellant was indicted by the Grand Jury. That same day the Commonwealth certified to the Court Administrator that the case was ready for trial. On May 8, 1975 appellant was advised that the case would be called for trial on June 6, 1975. Realizing that May 27, 1975 was the last day for trial within the time limits of Pa.R.Crim.P. 1100, the Commonwealth on May 16, 1975 filed a petition for an extension of time for the commencement of trial. On May 27, 1975 appellant filed an application to dismiss the charges with prejudice because of the violation of Pa.R.Crim.P. 1100. A few days thereafter, a hearing was held by the court below on both petitions. Appellant's application to dismiss was denied but the Commonwealth's petition for an extension was granted on May 30, 1975. A trial was held on June 10, 1975 in which appellant was convicted.

Pa.R.Crim.P. 1100(a)(2) which is applicable to the facts of this case requires a trial to commence within 180 days from the date of the filing of the complaint. Rule 1100 further provides:

> "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

In interpreting section (c) of Rule 1100 the Pennsylvania Courts have been strict in requiring the application for extension to be presented to the court *prior* to the

expiration of the time period for trial. In both *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975) and *Commonwealth v. Cutillo*, 235 Pa. Superior Ct. 131, 339 A.2d 123 (1975) the Commonwealth applied for an extension after the time period for trial had expired. In each case the Court held that under the plain wording of the rule no extension could be granted. Curiously enough, I have been unable to discover any appellate decision discussing the propriety of granting an extension when the Commonwealth has been timely in its application for extension. Nevertheless, I will now proceed to interpret Rule 1100(c) in the framework of the arguments set forth in the parties' briefs.

Rule 1100(c) declares that the application for extension "shall be granted only if trial cannot be commenced within the prescribed period *despite due diligence by the Commonwealth.*" (Emphasis added.) The Commonwealth argues that it exercised "due diligence" by certifying the case with the Court Administrator as ready for trial on February 20, 1975; by discovering in early May, 1975 that the Court Administrator had improperly listed the case for trial on a day beyond the 180-day period; and by applying to the court for an extension 11 days before the period for trial had elapsed. Appellant, on the other hand, argues that the Commonwealth had the duty "to monitor the Court Administrator's listing and insure that cases, not delayed by the Defendant, are called to trial within one hundred eighty days." Appellant's brief at 10. The Commonwealth cannot be found diligent, contends appellant, when the Court Administrator's office has not been diligent.

Although I agree with appellant that the general policy of Rule 1100 is to require trial to commence within a certain period of time and the reason for the delay is irrelevant, unless the delay is caused by defendant or his counsel, see Pa.R.Crim.P. 1100(d), that rule is not inflexible and extensions in time may be granted by showing that trial cannot commence within

that period "despite due diligence *by the Commonwealth.*" Pa.R.Crim.P. 1100(c) (emphasis added). The same general policy was found to prevail in the Interstate Agreement on Detainers, Act of September 8, 1959, P.L. 829, §1, 19 P.S. §1431 (1964), which requires that trial shall commence within 180 days after a request for trial has been made by a prisoner. In *Commonwealth v. Wilson,* 231 Pa. Superior Ct. 451, 454, 331 A.2d 792, 794 (1974), we held that "the indictment was properly dismissed where the Commonwealth complied with the time limits of the Interstate Agreement on Detainers; but where the trial court, through administrative inadvertence, failed to effect an orderly or efficient progression of the case." *Wilson,* however, is not dispositive of the present case because, there, the Commonwealth failed to file a petition for an extension although the Interstate Agreement on Detainers allows the court to "grant any necessary or reasonable continuance." *Wilson* is instructive in that it indicates that it is possible for the "Commonwealth" to have been diligent even though the court system was not.

In another recent decision, *Commonwealth v. Cutillo,* supra, our Court dismissed the indictment under Rule 1100 where the failure to bring the defendant to trial within the required period was due to an error in the Court Administrator's computer system. The Commonwealth in that case sought an extension, but its application was untimely and was properly rejected by the lower court. In *Cutillo,* however, this Court expressed in dicta its opinion as to what the district attorney should have done: "the simplest filing system would have alerted him [the district attorney] to call this case to the attention of the court when the end of the permissible trial period approached and no appropriate trial date had been scheduled." *Id.* at 136, 339 A.2d at 125. (Footnote omitted.) In the present case, the district attorney's office did precisely what was suggested in *Cutillo.* Its filing system alerted the office that the trial

was scheduled for an improper date and eleven days before the time period expired it brought this matter to the court's attention.

In conclusion, I agree with the court below that due diligence by the Commonwealth in attempting to try the case within the required time period was established. A common sense reading of Rule 1100(c) dictates that all that is necessary to grant an extension is the showing that the *Commonwealth* proceeded with diligence to bring the case to trial. The "Commonwealth" is not to be equated with the "court system." *Commonwealth v. Wilson,* supra. The Commonwealth is a party to the action while the court system is the impartial trier thereof. An indictment may be dismissed for any violation of Rule 1100, irrespective of whether the delay is caused by the Commonwealth or the court system. *Commonwealth v. Cutillo,* supra. Nevertheless, Rule 1100(c) specifically permits the granting of an extension when due diligence *by the Commonwealth* has been demonstrated.

Appellant further argues that it was error for the court below to grant the Commonwealth's application for extension on a day after the expiration of the 180-day period. By simply reading section (c) of Rule 1100 the absurdity of this argument becomes evident. Section (c) provides: "At *any time* prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." Under this provision a district attorney could wait until the last hour of the last day before the time period expires to present his application for an extension. If appellant's argument is correct, the court would then immediately have to drop everything, contact defendant, permit him to be heard on the matter and rule on the application before the time period expired. Because Rule 1100(c) does not set forth any specific time period in which the court must rule on the application, I would hold that

such a ruling should be made by the court within a reasonable time after an application for extension has been filed. In the present case the court below held a hearing and ruled on the application within two weeks of the date when it was filed. I would find this reasonable under the circumstances of this case.

During the argument on the Rule 1100 issue in the court below, the judge presiding over the case commented that the judges of that county were generally granting extensions of time unless the defendant could show some prejudice. Printed Record at 24a. Appellant now argues that it was improper for the court below to require him to show that the extension of time to commence trial would be prejudicial to him. It is also evident, however, that the court below based its decision in granting the extension on the showing of due diligence by the Commonwealth. Opinion of lower court, Printed Record at 31a. Even if I found that the lower court granted the extension solely on the basis of lack of prejudice, a finding not supported by the record, it is well-established that an appellate court may affirm the lower court on a rationale not advanced by the lower court. *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974); *Commonwealth ex rel. Wardrop v. Warden*, 237 Pa. Superior Ct. 502, 352 A.2d 88 (1975).

Nonetheless, I would hold that "prejudice" may be considered by the court in deciding whether an extension should be granted even though Rule 1100(c) only requires the court to find due diligence by the Commonwealth before granting the extension. It must be remembered that Rule 1100 was promulgated by the Pennsylvania Supreme Court to "effectively protect the right of criminal defendants to a speedy trial ..." *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 133 (1972). Even though an accused is protected by Rule 1100 of our Commonwealth's Rules of Criminal Procedure, he is also still protected by the speedy trial provision of the United States Constitution. U.S. Const. amend. VI. The time

limits set forth in Rule 1100 are valid as long as they do not conflict with the minimal safeguards set forth by the federal constitution. It is hard to imagine that a trial within 180 days of the start of prosecution would violate the federal speedy trial provision. Yet, once extensions are granted to the Commonwealth and prompt trial time periods relied on by an accused are not followed, it becomes possible to envision a point where the balancing test, used to determine whether a violation of the federal right to a speedy trial has occurred, *Barker v. Wingo*, 407 U.S. 514 (1972), could be invoked by an accused. Prejudice from the delay to the accused has been considered an important factor of the balancing test. *Commonwealth v. Hamilton*, supra. Accordingly, I find nothing improper by the lower court in considering the possible prejudice to an accused from an extension of the date for trial as long as it has first been established that the trial could not commence within the Rule 1100 time period despite due diligence by the Commonwealth.

I would affirm the judgment of sentence.

WATKINS, P.J., and VAN DER VOORT, J., join in this dissenting opinion.