364 A.2d 463
**COMMONWEALTH of Pennsylvania**
v.
**Joseph DEVER, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

■ This is an appeal from the conviction of Joseph Dever, appellant, for violating the Uniform Firearms Act. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa. C.S. § 6106 (1973). Several arguments are made in appellant's submitted brief, no oral argument having been

made, which are without merit. [1] Appellant's claim of ineffective assistance of counsel, however, requires that the case be remanded for an evidentiary hearing.

On July 14, 1974, appellant and another person knocked on the door of a motel room that was at the time being searched by the police for narcotics. One of the officers, all of whom were in plain clothes, opened the door and stated "Police, come in." The officer further testified that appellant then "picked up his arms and shoved me slightly. And then he took several steps backwards. And it appeared to me as if he were trying to run or prepare to run to get away or flee." The officer pursued appellant and while appellant was being brought under control, a pistol dropped to the floor.

Appellant's trial for violation of the Uniform Firearms Act was scheduled for January 22, 1975. On January 6, 1975, however, the Commonwealth filed an application for an extension for the commencement of trial under Pa.R.Crim.P. 1100(c). A hearing on the application was to be held on January 31, 1975. On January 13, 1975, appellant moved to suppress the pistol but the motion was dismissed as being untimely filed. When appellant's case was called for trial on January 27, 1975, appellant's counsel agreed to waive all objections to the Commonwealth's application to extend for the Commonwealth's agreement to overlook the timeliness objection to appellant's motion to suppress. A suppression hearing was then held but again appellant's motion was denied. Trial commenced the next day and appellant was found guilty as charged by a jury. After post-verdict motions were filed and denied and sentence was imposed, this appeal was taken.

The first issue raised is whether the evidence was sufficient to support the verdict. At trial, each offi-

1. Issues not raised in appellant's written posttrial motions will not be considered in this appeal. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

cer who was at the scene testified that the pistol was not his and one officer testified that he saw the pistol fall from the waist area of appellant. Viewing this evidence in the light most favorable to the Commonwealth, the verdict winner, we are convinced that the evidence was sufficient to support the verdict. *See Commonwealth v. DiSilvio*, 232 Pa.Super. 386, 335 A.2d 785 (1975).

■ Appellant next contends that *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975) required the Commonwealth as part of its burden of proof to establish that appellant did not have a license for the pistol. *Commonwealth v. McNeil*, supra, which was filed on May 13, 1975, is not applicable, however, to the present case which was tried several months earlier. *Commonwealth v. Williams*, 237 Pa.Super. 91, 346 A.2d 308 (1975).

■ The third argument raised in appellant's brief is that the seizure of the pistol by the police was improper. Although the police in this case did not have probable cause to arrest appellant, it would have been absurd for them to fail to respond to appellant's actions of shoving the officer and then trying to flee. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] recognizes that it may be the essence of good police work to adopt an intermediate response." *Adams v. Williams*, 407 U.S. 143, 145, 92 S.Ct. 1921, 1923, 32 L.Ed. 2d 612 (1972). Here, appellant arrived at the scene of a suspected drug operation. After the police identified themselves appellant shoved one of them and attempted to flee. Under these circumstances, the police were justified in believing that criminal activity was afoot and their detention of appellant as well as the protective search of him was clearly reasonable.

■ Moreover, we do not view the force used by the police in bringing appellant under control as excessive. When a suspect who the police are justified in detaining has demonstrated a propensity for resistance as well as an intention to flee, physical force may reasonably be used by the police to enable them to detain the suspect. Otherwise, the police would be powerless to frisk a suspect who decided to resist the officer or leave the area of investigation.

The cases relied on by appellant are distinguishable on their facts. In *Commonwealth v. Reece,* 437 Pa. 422, 263 A.2d 463 (1970) the only justification for defendant's arrest and search was his arrival at the scene of a "pot party." As noted by the Supreme Court, "there was nothing about Reece's conduct or demeanor to warrant a reasonably prudent man in apprehending danger." *Id.* at 428–29, 263 A.2d at 466. The facts of *Reece* demonstrate that the defendant there never pushed any of the police nor did he try to flee from them. Similarly, in *Commonwealth v. Jeffries,* 454 Pa. 320, 311 A.2d 914 (1973) there were insufficient facts and circumstances to justify the arrest of the defendant. There, the only reason the police arrested defendant was because he ran away when they confronted him on the street. In *Jeffries,* the defendant was not at the scene of a crime, nor did he push or shove any of the officers.

In the instant case, we have many more circumstances than were present in *Reece* or *Jeffries.* We have the arrival of appellant at the scene of a suspected drug operation, we have appellant shoving one of the officers after he had identified himself, and we have appellant then attempting to leave. We find that the police acted properly in detaining appellant for investigation. The pistol that was discovered as the result of appellant's detention was correctly not suppressed by the court below.

■ Appellant's final argument is that trial counsel was ineffective for failing to object to the Common-

wealth's application for an extension of time to commence trial. This issue is cognizable now on direct appeal since appellate counsel did not represent appellant at trial. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). If there was a reasonable basis for counsel's lack of objection, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), or if the petition for extension would most likely have prevailed in spite of objection,[2] *cf. Commonwealth v. Hill,* 231 Pa. Super. 371, 331 A.2d 777 (1974), we would not find counsel ineffective for failing to contest the petition. However, the record in the present case does not reveal whether an objection to the extension would have been successful. Accordingly, we must remand this case to the lower court for an evidentiary hearing. If it appears that trial counsel's decision not to challenge the application for an extension was reasonable and not based on his prior neglect or if it is determined that any such challenge would most likely have been to no avail, then counsel should not be found ineffective for failing to contest the Commonwealth's application to extend the trial date. On the other hand, if it is found that trial coun-

2. We have had on appeal several cases from Montgomery County dealing with extensions of time for commencing trial under Pa.R. Crim.P. 1100. *See Commonwealth v. Mayfield,* 239 Pa.Super. 279, 362 A.2d 994, *allocatur granted,* —— Pa.Super. —— (filed March 29, 1976). The Montgomery County courts were generally granting extensions upon the showing of due diligence by the Commonwealth even though the *court system* may have been tardy in scheduling the case for trial. The majority of our Court has taken a broader view of "diligence" by requiring both the Commonwealth and the court system to be diligent in bringing a defendant to trial before an extension may be granted. *Commonwealth v. Shelton,* 239 Pa.Super. 195, 361 A.2d 873 *allocatur granted,* —— Pa.Super. —— (filed March 29, 1976) *Commonwealth v. Mayfield,* supra. However, in determining the effectiveness of counsel in not objecting to the extension we would not impose by hindsight evaluation the recent standards of *Shelton* and *Mayfield.* Counsel is not required to foresee a change in the law. If counsel could reasonably have expected that he would not succeed in preventing the granting of the extension because of the law in Montgomery County at *that time,* we would not find him ineffective for failing to oppose the petition for extension.

sel's reason for failing to object to the extension was based on his prior carelessness in not timely filing the motion to suppress and a challenge to the extension would have been successful in dismissing the charges against appellant because of the violation of Pa.R.Crim. P. 1100, then the lower court should find counsel ineffective and dismiss the charges against appellant and discharge him pursuant to Pa.R.Crim.P. 1100(f).[3]

Remanded for proceedings consistent with this opinion.

HOFFMAN, J., files a concurring and dissenting opinion in which CERCONE and SPAETH, JJ., join.

HOFFMAN, Judge (concurring and dissenting):

Appellant challenges his conviction for violating § 6106 of the Uniform Firearms Act[1] on several grounds: that the evidence was insufficient to prove possession of the pistol; that the Commonwealth failed to meet its burden of proving absence of license; that the lower court erred in admitting irrelevant evidence, that the pistol should have been suppressed as the "fruit" of his illegal arrest; and that his trial counsel was ineffective.

Pursuant to a search warrant, Montgomery County and Upper Merion police conducted a search of Room 258 in Stouffer's Motor Inn, King of Prussia, on July 14, 1974. The police believed that the occupant of the room, Rocco Auriemma, a known drug dealer, was in possession of narcotics. While the police were searching the room, the appellant, Joseph Dever, and Kenneth Tuzzi knocked on the door. The officers, all in plain clothes,

---

**3.** Of course, appellant has the right to appeal the lower court's decision regarding the issue of ineffectiveness of counsel if it is against him. *See Commonwealth v. Twiggs,* 460 Pa. 105, 331 A. 2d 440 (1975).

**1.** Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 6106.

went to the door; one officer, Officer Ferlick, opened it and stated "Police, come in." Officer Ferlick testified that the appellant then "picked up his arms and shoved me slightly. And then he took several steps backwards. And it appeared to me as if he were trying to run or prepare to run to get away or flee." The police immediately pursued and during the ensuing scuffle, a loaded .45 caliber automatic pistol dropped from the appellant's waist area to the floor.

The appellant was indicted for a violation of § 6106 of the Uniform Firearms Act on October 29, 1974, and his trial was scheduled for January 22, 1975. On January 6, 1975, the Commonwealth filed a petition for extension of time for commencing trial pursuant to Rule 1100(c), Pa. R.Crim.P., alleging that it was unable to bring the appellant to trial within the 180 day period (before January 13, 1975) despite due diligence. A hearing on the petition was set for January 31, 1975. On January 13, 1975, the appellant filed a motion to suppress, contending that the pistol was the "fruit" of an illegal arrest. On January 15, 1975, appellant's motion was dismissed as untimely filed. Appellant's case was called to trial on January 27, 1975. At that time, the appellant's counsel waived all objections to the Commonwealth's petition to extend in return for the Commonwealth's waiver of its timeliness objection to appellant's suppression motion. The lower court then heard and denied appellant's suppression motion. Appellant was tried on January 28–29, 1975, and was found guilty by a jury. Post-trial motions were filed and denied on May 5, 1975. On May 16, 1975, appellant was sentenced to a term of imprisonment of one to five years. This appeal followed.

Appellant first contends that the evidence presented by the Commonwealth was insufficient to establish beyond a reasonable doubt that he possessed the pistol. "In determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable

doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict. *Commonwealth v. Malone,* 444 Pa. 397, 281 A.2d 866 (1971); *Commonwealth v. Petrisko,* 442 Pa. 575, 275 A.2d 46 (1971)." *Commonwealth v. Fortune,* 456 Pa. 365, 367, 318 A.2d 327, 328 (1974). See also *Commonwealth v. DiSilvio,* 232 Pa.Super. 386, 335 A.2d 785 (1975); *Commonwealth v. Carter,* 230 Pa.Super. 236, 326 A.2d 480 (1974).

At trial, the Commonwealth introduced evidence which established that the pistol was found on the floor of the area in which the officers and appellant scuffled. Each officer testified that the gun was not his and that the appellant was the only other person in the area of the scuffle. Furthermore, one of the officers, Detective Hillborn, testified that he saw "a 45 automatic pistol fall from the waist area of the defendant, Joseph Dever, and land on the floor." This evidence, was believed by the jury and was, therefore, clearly sufficient to support appellant's conviction.

Relying on *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), appellant also contends that the Commonwealth failed to meet its burden of proving that he did not have a license for the pistol. In *Commonwealth v. Williams,* 461 Pa.Super. 327, 346 A.2d 308 (1975), (HOFFMAN, J., filed a dissenting opinion, in which SPAETH, J., joined), we held that *McNeil* will be given only prospective application. Because appellant was convicted prior to our Supreme Court's decision in *McNeil,* his argument is without merit.[2]

Relying on *Commonwealth v. Reece,* 437 Pa. 422, 263 A.2d 463 (1970), the appellant next asserts that the police officers acted without probable cause when they ar-

2. *Commonwealth v. McNeil,* supra, was filed on May 13, 1975.

rested him, and therefore, that the pistol should have been suppressed as the fruit of the illegal arrest.

In *Reece,* the police secured a warrant to search an apartment where a "pot party" was supposed to be held. A thorough search of the apartment revealed only a minute residue of amphetamine powder. During the course of the evening, all the people, including the appellant, who arrived at the apartment were immediately searched by the police. The search of the appellant produced a small quantity of marijuana, and the appellant was subsequently convicted of possession.

In reversing appellant's conviction, our Supreme Court stated: "In our view the arresting officer lacked the required 'probable cause' to make the arrest in this case, and hence, the incidental search of Reece's clothing and person was likewise unlawful.

"The arresting officer had no information whatsoever about Reece before he entered the apartment involved. There was nothing about his demeanor or conduct which would in any way suggest that he was 'on drugs', or that he had drugs in his possession; in reality, the only possible basis for the arrest was his appearance on the scene where a 'pot party' was expected to occur." *Commonwealth v. Reece,* supra at 426, 427, 263 A.2d at 465. (Footnote omitted).

I believe that the instant case is controlled by *Reece.* Here, as in *Reece,* the only possible basis for the arrest was the appellant's appearance at the motel room. The police had no information about him, nor did his demeanor or conduct in any way implicate him in any crime. "The inference that persons who talk to narcotic addicts are engaged in the criminal traffic in narcotics is simply not the sort of reasonable inference required to support an intrusion by the police upon an individual's personal security." *Commonwealth v. Reece,* supra at 428, 263 A.2d at 466, quoting *Sibron v. New York,* 392 U.S. 40,

62, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968). (Emphasis omitted). Furthermore, what the lower court characterizes as appellant's "apparent attempt to flee", cannot supply probable cause to arrest. *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973). Finally, even the Majority admits that the appellant's "slight shove" of Officer Ferlick under the circumstances of this case does not constitute probable cause to arrest. [3] The Majority argues, however, that *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), enabled the officers to adopt an intermediate response: "Under these circumstances, the police were justified in believing that criminal activity was afoot and their detention of appellant as well as the protective search of him was clearly reasonable." I need not reach this issue, however, because the officers did not adopt this intermediate response. Rather, Officer Ferlick immediately grabbed the appellant in a bear hug and a struggle ensued. At this point, the appellant was clearly under arrest and whether the officers could have stopped and frisked the appellant need not be determined. Thus, the appellant's arrest was illegal and the gun must be suppressed as the "fruit" of the illegal arrest.

Finally, the appellant contends that his trial counsel was ineffective because he waived all objections to the Commonwealth's petition for extension of time for commencing trial. [4] Specifically, the appellant argues that his counsel waived the objections to the Commonwealth's petition only because of his prior negligence in failing to

---

**3.** The recitation of facts in both the lower court's opinion and the appellant's brief omits any reference to the appellant's "slight shove" of Officer Ferlick. Rather, both rely on the appellant's presence at the scene and his attempted flight to justify the arrest.

**4.** The issue of trial counsel's ineffectiveness is properly before this Court because appellate counsel did not represent appellant at trial, and the alleged ineffectiveness is apparent in the record. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

file timely suppression motions. Thus, appellant argues that counsel's prior negligence deprived him of the opportunity to challenge the Commonwealth's petition.

The standard for determining ineffectiveness of counsel is well-established: "Our task in cases of this nature therefore encompasses both an independent review of the record, see *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A.2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. Perhaps *Brubaker v. Dickson,* 310 F.2d 30, 38 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963), best describes this necessary process: 'Facts are alleged from which it would appear that these potential defenses would have suggested themselves to a reasonably diligent trial counsel. The defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). (Footnotes omitted).

Appellant's contention is that he was denied effective assistance of counsel because the Commonwealth's petition to extend went unchallenged. It is clear that trial counsel waived his objections to the Commonwealth's petition in order to preserve his right to make the suppression motion. But for counsel's failure to file a timely,

meritorious suppression motion, however, he would have been able to challenge the Commonwealth's petition to extend. While there is a prima facie case of ineffectiveness in the record, "[c]ounsel will not be declared ineffective for failure to file a motion that he could reasonably have regarded as *pro forma.*" *Commonwealth v. Hill*, 231 Pa.Super. 371, 376, 331 A.2d 777, 780 (1974). Cf. *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975). (Counsel not held ineffective for failure to file a futile motion).

The record in the instant case does not contain the basis for the Commonwealth's petition to extend. Because I cannot decide that issue, I would remand for an evidentiary hearing. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

I would reverse the judgment of sentence and remand the case for proceedings consistent with this opinion.

CERCONE and SPAETH, JJ., join in this concurring and dissenting opinion.