380 A.2d 833

**COMMONWEALTH of Pennsylvania**

v.

**Michael Lavon THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 2, 1977.

Richard A. Gutman, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he is entitled to discharge because trial counsel was ineffective for failing to raise a meritorious Rule 1100 claim in post-verdict motions. See Rule 1123, Pa.R.Crim.P.; 19 P.S.Appendix. We remand for a hearing on trial counsel's alleged ineffectiveness in failing to preserve an arguably meritorious Rule 1100 claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

Appellant was arrested on December 1, 1974, on charges of rape and related offenses. The Commonwealth issued a criminal complaint on the same day. The lower court held appellant for court after a January 29, 1975 preliminary hearing. On February 3, appellant filed a motion to quash the transcript of the preliminary hearing and obtained a court order staying the proceedings until disposition of the motion. On March 17, the lower court ordered ". . . further preliminary hearing for purpose of calling defense

witnesses on direct examination only . . . ." On July 29, because of scheduling delays, the Commonwealth filed a petition for an extension pursuant to Rule 1100(c). The court heard the matter on August 12 and extended the period until September 2. On that date, after his Rule 1100(f) petition was denied, appellant was tried and found guilty of rape, criminal conspiracy, and simple assault. After denial of post-verdict motions, the court sentenced appellant to a term of imprisonment of 2 to 5 years on the rape charge. This appeal followed.

■ Appellant's trial attorney did not raise the Rule 1100 claim in post-verdict motions. Failure to do so constitutes a waiver of that claim. See Rule 1123; *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); but see *Commonwealth v. Miller,* 469 Pa. 370, 366 A.2d 220 (1976). Appellant, represented by new counsel on this appeal, attempts to gain appellate review of the waived claim by raising it under the rubric of ineffective assistance of counsel. He relies on this Court's decision in *Commonwealth v. Learn,* 233 Pa.Super. 288, 291–92, 335 A.2d 417, 419, (1975): "While it is true counsel should raise in post-verdict motions any issue which poses a reasonable possibility of success on appeal, he is not required to raise issues which are obviously without merit. Therefore, in order to consider the appellant's claim of ineffective assistance of counsel, we must look to the issues not raised in post-verdict motions to determine if they have merit. . . . If the issue had merit and it could be determined from the record that trial counsel had no reasonable basis for this failure to raise such issue in post-verdict motions, counsel would be deemed ineffective and the issue would be considered on appeal, just as if it were raised in post-verdict motions."

■ Appellant's reliance on *Commonwealth v. Learn* is misplaced. In a recent decision, our Supreme Court specifically disapproved the analysis which we employed in *Learn.* After quoting the language from *Learn* cited by appellant in the instant case, the Supreme Court stated that "[t]he italicized portions of the Superior Court opinion are clearly

in error. Attacks on ineffectiveness of counsel may not be properly used as a vehicle to circumvent the consequences of failing to preserve issues for appeal." *Commonwealth v. Hubbard,* supra 472 Pa. at 279 n. 8, 372 A.2d at 696 n. 8. *Hubbard* arose in a procedural posture similar to that of the instant case. Appellate counsel attempted to gain review of issues not raised post-trial by claiming that post-verdict motion counsel had been ineffective. The Court developed the following two step analysis for appellate review: first, the court must decide whether the contention raised on appeal has "arguable merit." If it does not, the Court ends its inquiry. If the claim possesses arguable merit, the court must determine whether counsel's action or inaction had any reasonable basis. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In *Hubbard,* the record did not permit resolution of that issue and the case was remanded for an evidentiary hearing pursuant to *Commonwealth v. Twiggs,* supra. If the Court had been able to resolve the second question, the proper remedy would have been to remand the case for the filing of post-verdict motions nunc pro tunc.

 Consistent with *Hubbard,* this Court should first address appellant's Rule 1100 claim to determine whether it has arguable merit. We find that it does. The Commonwealth did not file its Rule 1100(c) petition until July 29, 60 days beyond the one-hundred and eightieth day after the complaint was filed. Therefore, unless at least 60 days were properly excluded by operation of Rule 1100(d) (delay caused by the defendant), the petition was not timely and the extension was improper. See *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Harris,* 243 Pa.Super. 503, 366 A.2d 267 (1976); *Commonwealth v. Cutillo,* 235 Pa.Super. 131, 339 A.2d 123 (1975). The Commonwealth argues that 102 days were properly excluded, based on the following calculations:

"In sum, relying on the municipal and common pleas courts transcripts and on appellant's motion to quash and the attached stay order, each of which is included in the court file and which together constitute the record for purposes of determining the procedural history of this case as it relates to Rule 1100, the excludable period may be computed as follows:

| | |
|---|---:|
| "(1) all proceedings were stayed by the court from February 3 through March 16, 1975, at appellant's request pending disposition of his motion to quash; | 41 days |
| "(2) appellant's case was continued from March 17 through May 6, 1975, at his request in order to produce defense witnesses; | 50 days |
| "(3) appellant was unavailable from June 18, 1975, when a bench warrant issued for his arrest after he failed to appear as required, to June 23, 1975, when the bench warrant was withdrawn; | 5 days |
| "(4) appellant's case was continued at defense request from June 24 to July 15, 1975; on June 23 appellant's case was rescheduled for July 9, 1975, when the case was again continued until July 15, 1975, because his attorney had no file; and | 22 days |
| "(5) appellant was granted a continuance to produce witnesses from July 16, 1975, through July 29, 1975, when the Commonwealth filed its petition to extend. | <u>14 days</u> |
| | 132 days |
| | <u>−30 days</u> |
| | 102 days" |

We recently rejected the Commonwealth's position in *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977) and held that "[t]he rule specifically states that time may be excluded from the period if that delay results from the request for a continuance and if that continuance is in excess of 30 days . . . ." 247 Pa.Super. at 77, 371 A.2d at 1334. We noted further that there is no authority for the proposition that a defendant is entitled to only one continuance in excess of thirty days before the full period is excluded. Recomputed in light of our holding in *Shields*, a total of only 36 days was properly excluded under Rule 1100(d). Thus, the Commonwealth filed its Rule 1100(c) petition 24 days beyond the period.

Because appellant's Rule 1100 claim has arguable merit, *Hubbard* dictates that we determine whether counsel's failure to file a proper post-verdict motion amounted to ineffective assistance of counsel. Just as in *Hubbard,* we remand the instant case for an evidentiary hearing on counsel's ineffectiveness. While we may be able to conclude that our decision in *Shields* would entitle appellant to relief, that does not end our inquiry. A review of the leading cases decided under Rule 1100 makes clear the uncertainty in application and change in approach that has occurred in the short life of the rule. See, e. g., *Commonwealth v. Millhouse,* 239 Pa.Super. 445, 362 A.2d 398 (1976), rev'd 470 Pa. 512, 368 A.2d 1273 (1977); *Commonwealth v. Mayfield,* 239 Pa.Super. 279, 362 A.2d 994 (1976), rev'd 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton,* 239 Pa.Super. 195, 361 A.2d 873 (1976), aff'd, 469 Pa. 8, 364 A.2d 694 (1976) (Dictum disapproved). In a similar procedural context, we noted that the practice at the time of counsel's decision to forego pursuing a Rule 1100 claim was relevant to whether counsel had been ineffective: ". . . [I]n determining the effectiveness of counsel in not objecting to the extension we would not impose by hindsight evaluation the recent standards of *Shelton* and *Mayfield* [announced by the Superior Court]. Counsel is not required to foresee a change in the law. If counsel could reasonably have expected that he would not succeed in preventing the granting of the extension because of the law in Montgomery County *at that time,* we would not find him ineffective for failing to oppose the petition for extension." *Commonwealth v. Dever,* 243 Pa.Super. 87, 94 n. 2, 364 A.2d 463, 466 n. 2 (1976).

Therefore, we remand the instant case to the lower court for an evidentiary hearing on trial counsel's ineffectiveness for failing to raise the Rule 1100 issue at the post-verdict motions stage. If the court were to conclude that counsel's representation was ineffective, appellant would be entitled to file post-verdict motions *nunc pro tunc* and thereby be afforded substantive review of the Rule 1100 claim. If, however, the court on remand determines that post-trial

counsel provided effective representation, then the court should reinstate the judgment of sentence. *Commonwealth v. Hubbard,* supra.[1] Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

WATKINS, President Judge, and VAN der VOORT, J., dissent for the reasons stated in the dissenting opinion in *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977).

---

1. Appellant also raises the following contentions: (1) arraignment did not take place at least 10 days prior to trial in contravention of Rule 317, Pa.R.Crim.P.; 19 P.S. Appendix, and (2) the lower court did not allow appellant to be represented by the counsel of his choice. In order to avoid piecemeal review, we do not consider these contentions at the present time. If the lower court on remand determines that post-trial counsel provided effective representation and reinstates the judgment of sentence, appellant may appeal that determination and may also raise any issues presented and left undecided in the instant appeal. If the lower court on remand permits appellant to file post-verdict motions *nunc pro tunc* raising the Rule 1100 claim and the lower court then determines that the Rule 1100 claim lacks merit, appellant may appeal this determination and may also raise any issues presented and left undecided in the instant appeal. *Commonwealth v. Hubbard,* supra; *Commonwealth v. Twiggs,* supra.