383 A.2d 935

**COMMONWEALTH of Pennsylvania**

v.

**Anthony PATRICK, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1977.

Decided March 23, 1978.

Calvin S. Drayer, Jr., Norristown, George B. Ditter, Hendricks, for appellant.

William T. Nicholas, Dist. Atty., Eric J. Cox, Asst. Dist. Atty., Chief, Appellate Division and Ronald T. Williamson, Asst. Dist. Atty., Norristown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Anthony Patrick was convicted by a jury of selling the drug hydromorphone to an undercover agent in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1] The Superior Court affirmed appellant's conviction. This Court granted allocatur. Appellant contends that (1) trial counsel was ineffective for failing to raise timely appellant's claim that he was denied the right to a speedy trial under Pa.R.Crim.P. 1100 and the Sixth Amendment, (2) appellate counsel was ineffective for failing on appeal to the Superior Court to allege ineffectiveness of trial counsel, (3) certain statements of the district attorney during summation deprived appellant of a fair trial, and (4) the court improperly permitted introduction of expert testimony based on hearsay.[2] We remand for appointment of new counsel. We therefore do not reach the merits of the issues raised.

Appellant on this appeal is represented by the same counsel who represented him on appeal to the Superior Court, a member of the Montgomery County Public Defender's office which represented him at trial. When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial coun-

1. Act of April 14, 1972, P.L. 233, §§ 1 et seq., 35 P.S. §§ 780–101 et seq. (1977).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977).

sel. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 430, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 398, 374 A.2d 1273 (1977). In such circumstances, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 200. Accordingly, we remand to the trial court for appointment of new counsel not a member of the Montgomery County Public Defender's office, to represent appellant on the issue of ineffectiveness of trial counsel and any other issue not waived or finally litigated. *Commonwealth v. Fox*, supra.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice, dissenting.

Appellant's counsel, who also represented appellant before the Superior Court, alleges that he was ineffective as an appellate lawyer in that forum in that he failed to assert trial's counsel's ineffectiveness in failing to raise speedy trial and pre-arrest delay claims at trial. Thus this Court is asked to resolve a claim of double ineffectiveness, *i. e.*, whether counsel at two different levels of this litigation (trial and appellate) were constitutionally ineffective in not raising certain possible defenses. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

I agree with the Court that proper consideration of these claims requires that new counsel be appointed. See, *e. g.*, *Commonwealth v. Wright*, 473 Pa. 398, 374 A.2d 1273 (1977). But I suggest that little would be gained by anyone—appellant, the Commonwealth or this Court—by permitting new counsel to come directly back here to argue ineffectiveness. This is because the trial of this case was held in October, 1974, a time when the law with respect to pre-arrest delay was uncertain,[1] and the law with respect to speedy trial

---

[1]. See *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Compare *Commonwealth v. DeRose*, 225 Pa.Super. 8, 307 A.2d 425 (1975) with *Commonwealth v. McCloud*, 218 Pa.Super.

under Pa.R.Crim.P. 1100 was even more so.[2]

It is to be noted that appellant relies on three cases [3] that were not decided until after his trial was completed. It is well settled that such cases are not dispositive of the ineffectiveness claim. As we said in *Commonwealth v. Triplett*, 476 Pa. 83, 89, 381 A.2d 877, 881 (1977) (citations omitted):

> "We cannot impose upon trial counsel the qualities of a seer . . . For this reason, we examine counsel's stewardship under the standards as they existed at the time of his action; and counsel will not be deemed ineffective for failing to predict future developments in the law."

See also *Commonwealth v. Dever*, 243 Pa.Super. 87, 94 n.2, 364 A.2d 463, 466 n.2 (1976).

I think it plain from the circumstances of this case that a hearing will be required to determine the effectiveness of both trial and appellate counsel. I also believe that the least time-consuming method for appellant to secure relief, if any should be granted here, would be for him to be allowed to set in motion the procedures under the Post Conviction Hearing Act.[4] To do so will save both this Court and appellant from what may well be two more trips back to this Court, one to have the case remanded for hearing and

230, 275 A.2d 841 (1971) and *Commonwealth v. Crawford*, 468 Pa. 565, 364 A.2d 660 (1976).

**2.** As the Superior Court recently had occasion to note:

> "A review of the leading cases decided under Rule 1100 makes clear the uncertainty in application and change in approach that has occurred in the short life of the rule. See, e. g., *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 362 A.2d 398 (1976), rev'd 470 Pa. 512, 368 A.2d 1273 (1977); *Commonwealth v. Mayfield*, 239 Pa.Super. 279, 362 A.2d 994 (1976), rev'd 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 239 Pa.Super. 195, 361 A.2d 873 (1976), aff'd, 469 Pa. 8, 364 A.2d 694 (1976) (Dictum disapproved)."

*Commonwealth v. Thomas*, —— Pa.Super. ——, 380 A.2d 833, 836 (1977).

**3.** *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Cutillo*, 235 Pa.Super. 131, 339 A.2d 123 (1975).

**4.** Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§ 1180–1 *et seq.* (Supp.1977–78).

another if relief is denied after hearing. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Since relief can be more speedily obtained through regular post-conviction procedure than through the use of this Court as a post-conviction court, I see no reason why this Court should retain jurisdiction in this case.[5]

For the reasons above stated, I would dismiss this appeal as improvidently granted, permitting appellant to pursue relief under the Post Conviction Hearing Act.

5. Appellant raises two other claims that were preserved at trial and in the Superior Court, and which the majority does not discuss. I think it sufficient to observe that neither contention warrants either a retention of jurisdiction or relief at this time.