J-S09004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| MICHAEL SCOTT FILAROSKI, | : | |
| | : | |
| Appellant | : | No. 818 MDA 2017 |
| | : | |

Appeal from the Judgment of Sentence February 14, 2017
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0002364-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                      **FILED MAY 09, 2018**

Appellant, Michael Scott Filaroski, appeals from the judgment of sentence imposed on February 14, 2017, following his jury conviction of one count of carrying a firearm without a license.[1] On appeal, Appellant challenges the sufficiency and weight of the evidence, as well as the discretionary aspects of sentence. For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from our review of the certified record. On July 9, 2016, Patrolman Andrew Wolfe was part of a group of Middlesex Township police officers investigating drug

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

---

*   Retired Senior Judge assigned to the Superior Court.

activity at the Pike Motel. (*See* N.T. Trial, 12/13/16, at 36, 38). Appellant and his family were living in a bungalow behind the motel. (*See id.* at 40). During their investigation, the police observed Appellant's son engage in a drug transaction with some individuals in an automobile. (*See id.*). Subsequently, the police stopped the car and began to investigate the incident; while the police were continuing to investigate, Appellant approached them and began speaking in an angry and agitated manner, making threats to kill all drug dealers. (*See id.* at 42-45, 119). Appellant then pulled up his shirt and revealed what Patrolman Wolfe, a firearms expert, recognized as a semi-automatic gun in his waistband. (*See id.* 45-46, 79). The police did not know if Appellant had a license to carry the gun and decided not to undertake any further investigation of Appellant at that time. (*See id.* at 46-47, 96).

The next day, Patrolman Wolfe responded to a call at the Budget Motel, located next door to the Pike Motel, because Appellant's son's girlfriend had overdosed on heroin. (*See id.* at 47). The girlfriend ultimately told police that Appellant's son supplied the heroin. (*See id.* at 48). The police obtained a warrant and arrested Appellant's son. (*See id.* at 49-51). During the arrest, Appellant was extremely angry and agitated with the police, making specific threats against them and their families. (*See id.* at 52-53, 103-04). The police decided to let the situation de-escalate and consider filing charges against Appellant at a later juncture. (*See id.* at 114-15).

Because of these incidents, the police began an investigation of Appellant and ascertained that he did not have a license to carry a concealed weapon and, in fact, was not eligible to obtain such a license. (*See id.* at 56-57). On July 25, 2016, the police, pursuant to a warrant, arrested Appellant. (*See id.* at 59-65). When they searched his home, they found a box of bullets and a loaded weapon in his bedroom; it was in the same holster that Appellant was wearing on July 9. (*See id.* 59-65, 82, 99).

On September 28, 2016, the Commonwealth filed a criminal information charging Appellant with one count of firearms not to be carried without a license and two counts of terroristic threats.[2] A jury trial took place on December 13 and 14, 2016. On December 14, 2016, the jury convicted Appellant of firearms not to be carried without a license but was unable to reach a verdict on the charge of terroristic threats. (*See* N.T. Trial, 12/14/16, at 189-90). On February 14, 2017, following receipt of a Pre-Sentence Investigation Report (PSI), the trial court sentenced Appellant to a standard range sentence of not less than not less than twenty-four nor more than thirty-six months of incarceration. (*See* N.T. Sentencing, 2/14/17, at 17). On February 24, 2017, Appellant filed a post-sentence motion challenging the sufficiency of the evidence and asking the trial court to reconsider the sentence. (*See* Defendant's Post-Sentence Motion, 2/24/17, at unnumbered

_____

[2] 18 Pa.C.S.A. § 2706(a)(1).

pages 1-3).  On April 17, 2017, the trial court denied Appellant's post-sentence motion.  The instant, timely appeal followed.[3]

On appeal, Appellant raises the following questions for our review.

I.  Did the Commonwealth provide sufficient evidence to prove beyond a reasonable doubt that [Appellant] possessed a firearm not to be carried without a license?

II.  Was the verdict by the jury against the weight of the evidence that [Appellant] possessed a firearm not to be carried without a license?

III.  Did the trial court's failure to state on the record reasons for the sentence imposed at time of sentencing subsequent to which the court summarily denied post-sentence motions by [Appellant] to reconsider (and) modify sentence and for judgment of acquittal (and) new trial, constitute an abuse of discretion?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence. (*See* Appellant's Brief, at 23-27).  Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all,

---

[3] In compliance with the trial court's order, Appellant filed a statement of errors complained of on appeal on June 8, 2017.  *See* Pa.R.A.P. 1925(b).  On August 2, 2017, the trial court issued an opinion.  *See* Pa.R.A.P. 1925(a).

part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

Appellant's argument is underdeveloped. Appellant's argument on this issue is all but devoid of legal citation. Appellant does not fully cite to our standard of review, does not list the elements of the crime, and does not explain why the evidence was insufficient to meet those elements. (**See** Appellant's Brief, at 23-27). Instead, his entire argument is devoted to his contention that the initial failure of the police to arrest him on July 9, somehow made the evidence insufficient. (**See id.**). Appellant points to nothing to support his claim that an approximate two-week period of investigation prior to arrest somehow renders the evidence at trial insufficient. (**See id.**). Accordingly, Appellant has waived his sufficiency of the evidence claim. **See Commonwealth v. Liston**, 941 A.2d 1279, 1285 (Pa. Super. 2008) (*en banc*), *affirmed in part and vacated in part*, 977 A.2d 1089 (Pa. 2009); Pa.R.A.P. 2101. In any event, his claim lacks merit.

An individual is guilty of carrying firearms without a license if he or she "carries a firearm in any vehicle concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully

issued license." 18 Pa.C.S.A. § 6106(a)(1). In the instant matter, Appellant conceded that he did not have a license to carry a concealed weapon. (***See*** N.T. Trial, 12/13/16, at 134). At trial, Patrolman Wolfe testified that he observed Appellant lift up his shirt and then saw a gun in Appellant's waistband. (***See id.*** at 45-46). Patrolman Wolfe further stated that the gun recovered from Appellant's bedroom was in the same holster that Appellant wore on July 9. (***See id.*** at 59-65). This was more than sufficient to sustain Appellant's conviction. ***See Commonwealth v. Dever***, 364 A.2d 463, 465 (Pa. Super. 1976) (holding evidence sufficient to sustain conviction for carrying firearm without license where police officers found gun in hotel room after arresting defendant and one police officer testified to observing gun in defendant's waistband). Appellant's first claim is without merit.

In his second issue, Appellant challenges the weight of evidence. (***See*** Appellant's Brief, at 28-30). However, Appellant has not preserved this claim for our review.

We have long held that this Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence. ***See Commonwealth v. Wilson***, 825 A.2d 710, 714 (Pa. Super. 2003). Here, while Appellant did file a post-sentence motion, he challenged the sufficiency of the evidence, not the weight. (***See*** Defendant's Post-Sentence Motion, at unnumbered page 2-3). Thus, the issue is not preserved for our review. ***See Commonwealth v. Burkett***, 830 A.2d 1034, 1036 (Pa. Super. 2003).

Moreover, even if we were to address the merits of the weight of the

evidence claim, it would fail.

Our scope and standard of review of a weight of the evidence claim is

as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en*

*banc*) (citation and quotation marks omitted). "Thus, the trial court's denial

of a motion for a new trial based on a weight of the evidence claim is the least

assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-80

(Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted).

In its Rule 1925(a) opinion, the trial court explained that the jury chose

to credit the Commonwealth and not Appellant's defense. (*See* Trial Court

Opinion, 8/02/17, at unnumbered page 7); **Commonwealth v. Griscavage**, 517 A.2d 1256, 1259 (Pa. 1986). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." **Commonwealth v. Lee**, 956 A.2d 1024, 1029 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (citation omitted). This Court cannot substitute our judgment for that of the finder of fact. **See Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (2014). This issue would not merit relief.

In his third issue, Appellant challenges the discretionary aspects of his sentence.[4] (**See** Appellant's Brief, at 31-41). Specifically, he maintains that the trial court failed to place reasons on the record to justify a sentence of total confinement. (**See id.** at 31). However, Appellant has waived this claim.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003)

---

[4] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. (**See** Defendant's Post-Sentence Motion, at unnumbered page 1-2); **see also Commonwealth v. McAfee**, **infra** at 275.

(citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme."[5] *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted); *see* Pa.R.A.P. 2119(f). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. *See* *Commonwealth v. Goggins*, 748 A.2d 721, 727-28 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphases in original).

Here, while Appellant did file a post-sentence motion for reconsideration, as discussed above, the only issues raised were that the trial court did not give adequate weight to the letters sent in support of a mitigated sentence and that the evidence at trial was weak. (*See* Defendant's Post-Sentence Motion, at unnumbered pages 1-2). Appellant did not raise the claim that the trial court failed to place sufficient reasons on the record. (*See id.*). It is settled that an appellant waives any discretionary aspects of sentence

---

[5] Appellant has included a Rule 2119(f) statement in his brief. (*See* Appellant's Brief, at 20-22).

issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal. ***See Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); ***see also*** Pa.R.A.P. 302(a). Thus, Appellant waived his discretionary aspects of sentence claim.

Moreover, the claim is without merit. Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

Here, Appellant acknowledges that the trial court sentenced him in the standard range. (***See*** Defendant's Post-Sentence Motion, at unnumbered page 1). The record demonstrates that the trial court had the benefit of a PSI. (***See*** N.T. Sentencing, at 17). We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range

of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI and imposed a sentence that was within the standard range of the guidelines. (**See** N.T. Sentencing, at 17). Thus, any challenge to the discretionary aspects of sentence would lack merit. **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015) (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); **see also Moury**, **supra** at 171.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2018